This is a suit by vendors against vendee for decree for specific performance of an agreement for the sale of real estate in Newark, New Jersey, with a counter-claim by defendant for rescission and the payment of the part payment already made.
By the agreement in question complainants contracted to convey to defendant —
"A plot of vacant land on the westerly side of Passaic street, two hundred and sixty-five feet front by one hundred feet in depth, more or less. Beginning two hundred and two feet north from the intersection of the northerly line of Oriental street and the westerly line of Passaic street."
Free from all encumbrance, by deed of general warranty with the usual full covenants.
Complainants duly tendered a general warranty deed for the premises described in the contract. Defendant refused to perform, because of the fact that there is an encumbrance, not against the premises as described in the contract, but against the adjoining portion of Passaic street, consisting of a right given by complainants or their predecessors to the Passaic Valley Sewage Commission, to wit, the right to construct and maintain a trunk sewer through this adjoining part of the street.
The question at issue is as to whether or not the existence of this encumbrance justified defendant in refusing to perform, and constitutes a good defense to the present suit.
The contract contains no mention of the adjoining lands in the street. There is no proof nor contention that any representations were made by complainants as to the title to the lands in the street, nor even that defendant at the time of the making of the contract had any belief as to the title to the lands in the street. There is not even an allegation by *Page 8 
defendant in his pleadings — much less any proof — that the premises specifically described are not worth the contract price, nor that defendant would not have purchased if he had known of the existence of the sewer right; there is nothing to indicate that defendant did not know of the existence of the sewer right at the making of the contract, nothing to indicate that the existence of the right is a matter of any material concern to him whatsoever.
There is therefore nothing in the defendant's case which affords any basis for an appeal in his favor to that discretion which equity may exercise in suits for specific performance. Complainant is entitled to decree, unless it be held that complainant cannot himself perform his contract.
In order so to hold, it is obviously necessary to say that where a vendor makes a contract similar to, and under the circumstances of, the one sub judice, the law will, by implication, impart into his contract an added provision that he will also convey, free of encumbrance and by general warranty, the abutting portion of the street.
No such legal principle is known to this court, nor any logical basis upon which such a principle could be rested.
Defendant argues that the presumption is that one who owns property abutting on a highway owns to the middle of the highway; that when he contracts to sell such property, he impliedly contracts to sell the land to the middle of the highway; that when he contracts to convey such land by general warranty deed and free of encumbrance, he impliedly contracts to convey the fee in the highway in the same manner.
It may be assumed to be true (although it is not here so decided), that one who contracts to buy property abutting on a highway has the right to assume that the vendor has title to the adjoining half of the highway, and that if it transpire that the vendor has no such title the vendee may be entitled to be released from his contract.
It may also be assumed to be true (though it is not here so decided), that where one who owns property abutting on a highway contracts to sell and convey it, he will be impliedly presumed to have contracted to sell and convey such title as *Page 9 he has in the adjoining half of the highway — unless the contract expressly excludes it. (Defendant cites on this pointPittsburgh, c., Railway Co. v. Fischer, c., Co., 208 Pa. 73.) But that is far from saying that he will be presumed to have agreed to convey the portion of the highway in fee-simple, free of encumbrance and by general warranty.
If such a presumption as this last were justified, it is clear that by parity of reasoning it must needs also be held that where a man conveys by deed of general warranty property abutting on a highway, the covenants impliedly apply also to the abutting portion of the highway as well as to the premises expressly conveyed. I have never heard of such a contention being advanced, much less of any such judicial determination — yet it is a well-known fact that almost all deeds for city property are general warranty deeds, and describe the premises conveyed by boundaries on the street line without any mention of the adjoining portion of the street (which is, of course, invariably subject to divers rights and easements).
Defendant and every one else knows that the fee in city streets is never free of encumbrance. He would never have expected, nor even had the temerity to suggest to complainants that they should expressly agree to convey the fee in the street free of encumbrance or with covenant of general warranty. For him now to contend that complainants must impliedly be deemed to have made an agreement which he knows neither they nor anyone else has ever made, or will ever make, expressly, is an absurdity which is apparent on its mere statement.
Defendant contends, if I understand his argument correctly, that the right to maintain the trunk sewer in question is an encumbrance which not only is not visible on inspection, but is a greater and different encumbrance from those naturally to be expected in Newark streets (because the trunk sewer of the Passaic valley commission is not to convey the sewage of Newark, but of other municipalities outside of Newark); and that at least complainants should be held impliedly to have agreed to convey the fee in the street free of such an extraordinary encumbrance. *Page 10 
From this also I dissent. When parties contract as to specific property, that specific property is what is in their minds. It may well be justifiable from the standpoint of public policy and convenience to add by implication an agreement to convey such title as the vendor has in the adjoining highway, but I can see no justification for adding another implication upon an implication, and saying that the vendor must be deemed by implication to have agreed as to any particular state of the title to premises which he did not expressly contract for, did not have in mind, and which are included in the contract only by implication.
Complainants are entitled to decree.